```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

PAULINE LOVELACE,

                Plaintiff,           MEMORANDUM & ORDER

    - against -                      No. 22-cv-3407 (KAM)(LKE)

WELLS FARGO BANK, NA;
SELENE FINANCE LP;
WILMINGTON SAVINGS FUND SOCIETY;
1900 CAPITAL TRUST II;
SHELLPOINT MORTGAGE BANK,

                Defendants.

-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge**:

Plaintiff Pauline Lovelace ("Plaintiff") brings this *pro se* action against Wells Fargo Bank, NA, Selene Finance LP, Wilmington Savings Fund Society, 1900 Capital Trust II, and ShellPoint Mortgage Bank (collectively, "Defendants"). (ECF No. 1, Complaint, "Compl.") Plaintiff invokes the jurisdiction of this Court pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for purposes of this Memorandum and Order only. For the reasons set forth herein, the Complaint is dismissed, and Plaintiff is granted thirty (30) days leave to file an amended complaint.

**BACKGROUND**

Plaintiff, a New York resident, commenced this action on June 6, 2022, in connection with a state court judgment of foreclosure of real property entered against her. Plaintiff does not provide the address of the property that was the subject of the foreclosure or when the judgment of foreclosure was entered. Plaintiff argues, *inter alia*, that (a) "the defendant lacked standing to commence the proceedings against the plaintiff based upon knowingly false assignments of mortgages executed by fraudulent staff members[,]" (b) "the defendants[] were never registered to do business in the State of New York at the time of the commencement of the proceedings or prior to the judgment thereof, and" (c) "the defendants[] lacked the legal capacity to sue because of the security exchange commission reports and the OCC filings of a cease and desist order[.]" (Compl. ¶ 8.) As to point (a), Plaintiff does not specify which of the five named Defendants is being referenced. Plaintiff also alleges due process violations and lists thirteen "counts" referencing a multitude of federal statutes and regulations. (*Id.* at 1–3.) Plaintiff seeks "compensatory and punitive damages in the sum of 2.5 Million based upon the illegality of the foreclosure and the subsequent illegal eviction." (*Id.* at 10.)

**LEGAL STANDARDS**

The Court is mindful that "[a] document filed *pro se* is to be

2

liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Millis*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally."). Furthermore, the pleadings must be read liberally and interpreted as raising "the strongest arguments they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Notwithstanding the above, Plaintiff must nevertheless establish that the Court has subject matter jurisdiction over the action. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see Henderson ex rel. Henderson v. Shinseki*, 562 U.S, 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either

3

overlook or elect not to press.")

Two common bases for federal subject matter jurisdiction are "federal question" jurisdiction pursuant to 28 U.S.C. § 1331, or "diversity jurisdiction" when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of N.Y. v. White*, 528 F.2d 336, 338 (2d Cir. 1975). Diversity jurisdiction is present when there is "complete diversity" between the parties, meaning "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014). "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Furthermore, for diversity jurisdiction, a party must prove "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).

4

**DISCUSSION**

I. **Federal Question Jurisdiction**

The gravamen of Plaintiff's allegations is that Defendants lacked standing to bring a state court foreclosure action, which ultimately led to a judgment of foreclosure against Plaintiff in state court. These allegations do not suggest or present a federal question for this Court's subject matter jurisdiction. Merely raising a federal issue in a complaint "will not automatically confer federal question jurisdiction." *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002). Although Plaintiff alleges constitutional violations and lists thirteen "counts" referencing a multitude of federal statutes and regulations, Plaintiff alleges no facts to support a claim under the Constitution or any of the enumerated federal statutes or regulations. Thus, federal question jurisdiction has not been sufficiently alleged.

II. **Diversity Jurisdiction**

Plaintiff also fails to allege facts to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Complaint alleges that defendant Wells Fargo Bank, NA ("Wells Fargo") has an address in Iowa and conducts business in New Jersey, but the Complaint includes no information on where Wells Fargo was incorporated or where it has its principal place of business. (Compl. at 4.) Defendant Selene Finance LP ("Selene Finance") is alleged to have an address in Texas, but the Complaint does not further allege

5

facts which could establish Selene Finance's citizenship. (*Id.*) As to defendants Wilmington Savings Fund Society FSB and ShellPoint Mortgage Bank, the Complaint fails to note even an address associated with either corporation. (*Id.* at 4-5.) Finally, other than the caption, the Complaint is devoid of any mention of defendant 1900 Capital Trust II, much less allegations demonstrating its citizenship. Plaintiff's Complaint therefore fails to allege each party's citizenship to establish diversity jurisdiction. If Plaintiff were to file an amended complaint, Plaintiff is advised that facts sufficient to allege citizenship of each named defendant and each individual member of any partnership must be set forth in the amended complaint including the states of incorporation and of principal place of business of any corporate defendants. Plaintiff is further advised that if her state citizenship is the same as any of the named defendants, diversity of citizenship shall be defeated and the Court will lack subject matter jurisdiction over the claims. *See* U.S. Const. art. III, § 2.

Plaintiff's complaint separately fails to allege to a "reasonable probability" that the claims are subject to an amount in controversy exceeding $75,000. Here, Plaintiff seeks to recover $2.5 million as compensatory and punitive damages based upon a state court judgment of foreclosure. (*See* Compl. at 10.) The Complaint, however, does not provide the basis for how a

6

foreclosure judgment would entitle Plaintiff to that amount or any other amount in excess of $75,000. As Plaintiff's Complaint does not plead facts to support damages over $75,000 to a "reasonable probability," the court lacks diversity jurisdiction.

### III. *Rooker-Feldman* Doctrine

This action is also barred from federal review under the *Rooker-Feldman* doctrine. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-84 n.16 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923). Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The Second Circuit has set forth four requirements for the application of *Rooker-Feldman*: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced. *See Hoblock*, 422 F.3d at 85. Each of the four requirements are met in the instant case which, in essence,

7

challenges the validity of a state court foreclosure judgment against Plaintiff. Plaintiff does not allege that she did raise, or explain why she did not assert arguments regarding standing, fraud and capacity to sue in the prior state foreclosure action. Therefore, the Court lacks jurisdiction to review this action and the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

## **CONCLUSION**

For the reasons set forth above, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint that asserts a valid basis for this Court's jurisdiction over her claims. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. Plaintiff is advised that an amended complaint, if filed, will replace the original complaint. If Plaintiff fails to file an amended complaint within the time allotted, judgment will enter dismissing this action for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully requested to serve Plaintiff with a

copy of this Memorandum and Order, and note service on the docket by January 13, 2025.

**So ordered.**

Dated:   January 10, 2025
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York