```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

PAULINE LOVELACE,

            Plaintiff,                    MEMORANDUM & ORDER

    - against -                           No. 22-cv-3407 (KAM)(LKE)

WELLS FARGO BANK, NA; SELENE FINANCE
LP; WILMINGTON SAVINGS FUND SOCIETY;
1900 CAPITAL TRUST II; SHELLPOINT
MORTGAGE BANK,

            Defendants.

-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Pauline Lovelace ("Plaintiff") filed this *pro se* action against Wells Fargo Bank, NA; Selene Finance LP; Wilmington Savings Fund Society; 1900 Capital Trust II; and Shellpoint Mortgage Bank (collectively, "Defendants"). (ECF No. 1, "Complaint.") By Memorandum and Order dated January 10, 2025, the Court dismissed the Complaint and granted Plaintiff thirty (30) days from the date of the Order, or until February 10, 2025, to file an amended complaint that asserts a valid basis for the Court's jurisdiction over her claims. (ECF No. 4, "Order.") The Order notified Plaintiff that if she failed to file an amended complaint within the time allotted, judgment would enter dismissing the action for lack of subject matter jurisdiction.

A copy of the Order was mailed to Plaintiff's address on record, 161-19 128th Avenue, Jamaica, New York 11434.  However, on January 30, 2025, the mailed copy of the Order was returned by the United States Postal Service, marked "Return to Sender. Unclaimed. Unable to Forward."  (ECF No. 5.)  To date, the Court has not received Plaintiff's amended complaint or Plaintiff's updated address.  Plaintiff's time to amend her complaint has now expired.  Plaintiff's case is therefore DISMISSED without prejudice for failure to prosecute.

## DISCUSSION

"Although not explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte*," and may do so for failure to prosecute and for failure to follow court orders.  *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) (summary order) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)).  A court considering whether to dismiss an action for failure to prosecute or comply with a court order must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

2

*Id*. at 112 (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)).  The factors here favor dismissal of this case.

As to the first factor, Plaintiff has taken no action to prosecute this case since it was first filed in June 2022.  Plaintiff continued to take no action despite this Court's recent order issued more than a month ago on January 10, 2025, dismissing her complaint and granting leave to file an amended complaint that would address the identified jurisdictional deficiencies.  The deadline for Plaintiff to file an amended complaint passed more than one week ago.

Plaintiff has also taken no action to keep her contact information current.  "The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'"  *Alomar v. Recard*, No. 07-cv-5654 (CS)(PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, No. 91-cv-6777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996).  *See also English v. Azcazubi*, No. 13-cv-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]here a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address.")

The Court also notes that no defendant has been served with a summons and complaint within the 90-day period prescribed by Federal Rule of Civil Procedure 4(m), or at any point in this action.  Nor has Plaintiff requested an extension of time to effect

3

service of process. Even if the Court had subject-matter jurisdiction, Plaintiff's failure to timely effectuate service of process weighs in favor of dismissal. *See* Fed. R. Civ. P. 4(m) ("[T]he court . . . *must* dismiss the action without prejudice[.]") (emphasis added); *Ashley v. City of N.Y.*, No. 02-cv-3085 (LAP)(RLE), 2003 WL 1624215, at *2 (S.D.N.Y. Mar. 25, 2003) (dismissing without prejudice *pro se* plaintiff's claims under Rule 41(b) where over a year elapsed since he filed his complaint and service had not been effectuated). Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court's January 10, 2025 order placed Plaintiff on notice that the Court would dismiss this action unless Plaintiff filed an amended complaint addressing the jurisdictional and factual deficiencies in her complaint. Plaintiff did not file an amended complaint. Accordingly, this factor weighs in favor of dismissal.

As to the third factor, "while the prejudice to defendant and the burden on the Court are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'" *Rozell v. Berryhill*, No. 18-cv-969 (AJN)(JLC), 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). Defendants have an interest in having this case dismissed and closed, particularly where Plaintiff does not intend to see it through. The passage of

4

time will make it increasingly difficult for Defendants to defend this case due to potential difficulties in locating witnesses, and the dulling of memories through time. *See Yang v. Greyhound Lines, Inc.*, No. 7-cv-6499 (CM), 2008 WL 3126188, at *2 (S.D.N.Y. July 14, 2008) (noting that defendants are "unquestionably likely" to be prejudiced by further delay as it becomes less likely that critical witness will be able to be located). Accordingly, this factor weighs in favor of dismissal.

As to the fourth factor, the Court must also consider the heavy demands of its docket. Except for court orders, this action has been dormant since June 2022, and Plaintiff has not indicated that she intends to move forward with this action despite the Court's order warning of dismissal. "Since [P]laintiff has shown no interest in moving this case forward, the Court's need to reduce docket congestion outweighs the [P]laintiff's right to be heard in this case." *Phair v. Suffolk Cty. Corr. Facility*, No. 19-cv-3302 (GRB)(LB), 2020 WL 3489495, at *2 (E.D.N.Y. June 26, 2020); *see also Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("The efficient administration of judicial affairs—a consideration vital to the Court's ability to provide meaningful access to other litigants—depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed."). Given how long this case has remained

5

open on the Court's docket without any activity, this factor weighs in favor of dismissal.

Lastly, due to Plaintiff's failure to maintain contact with the Court, dismissal, rather than a further extension of time, is appropriate. Plaintiff's failure to apprise the Court of her current address renders any further attempts to warn Plaintiff of potential consequences futile. *Lukensow v. Harley Cars of N.Y.*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) ("as this Court has no current address for plaintiffs, any attempts to further warn plaintiffs of their responsibilities and the consequences of their continued failure to prosecute this action would be futile"). Policy concerns also militate in favor of dismissal. As the Second Circuit has recognized, "[d]elays have dangerous ends," and "exhortations of diligence are impotent" unless district judges appropriately wield the power of dismissal. *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980). Accordingly, this last factor also weighs in favor of dismissal.

However, because of Plaintiff's *pro se* status, Plaintiff's claims will be dismissed without prejudice. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (Rule 41(b) "may be without prejudice if so specified by the court imposing it[.]") (citation and quotations omitted); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (Rule 41(b) dismissal [with prejudice] to

6

be used with caution because "*pro se* plaintiffs should be granted special leniency regarding procedural matters").

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to dismiss this case without prejudice and close this case.

The Clerk of the Court is respectfully requested to mail a copy of this Order to Plaintiff's last known address and note the mailing on the docket by February 21, 2025.

**So ordered.**

Dated:   February 20, 2025
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York